UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Earl Burgess, #157483 | ) | C/A No. 9:11-2384-CMC-BM |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Jason Hall; Lt. B. Jefferson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is a prisoner at the Kershaw Correctional Institution in Kershaw, South Carolina, and files this case under 42 U.S.C. § 1983. Plaintiff alleges the Defendants have slandered him by making allegations of a sexual nature in the hearing of other inmates. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, although this



Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).  Such is the case here.

<u>Discussion</u>

Plaintiff alleges that he is being harassed by defendant employees of the prison, in that Defendant Jason Hall has spread rumors of a sexual nature about him to other employees and inmates, and Defendant Lt. B. Jefferson has laughed at the rumors but failed to stop Defendant Hall. Plaintiff claims the stories being told constitute slander, that he has suffered mental anguish as a result, and seeks money damages.  These allegations fail to state a cognizable § 1983 claim.

A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707.  However, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff fails to state a claim for relief under § 1983 on the first prong of this test, as § 1983 "cannot be used as a vehicle for asserting a claim of defamation." *Wildauer v. Frederick County*, 993 F.2d 369, 373 (4th Cir. 1993).  Slander or any other form of defamation suffered by Plaintiff is not be actionable under § 1983 because it does not implicate federal constitutional or statutory rights; "[d]efamation, by itself, is a tort actionable under the laws



of most states, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991).

<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the Complaint in this case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff may file a defamation lawsuit in state court seeking a remedy under state tort law, if he so chooses.

**Plaintiff's attention is directed to the important notice on the next page**.

_____

Bristow Marchant
United States Magistrate Judge

September 26, 2011
Charleston, SC



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).